UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARCQUAL ANDREWS, | CASE NO. 1:11-cv-01669-MJS |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM |
| v. | |
| DONNY YOUNGBLOOD, | (ECF NO. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I.   PROCEDURAL HISTORY**

Plaintiff Marcqual Andrews, a former county jail detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 3, 2011. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) His Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

1

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.   SUMMARY OF COMPLAINT**

The Complaint identifies Donny Youngblood, Deputy Sheriff, Kern County Jail and an unspecified number of John Does as Defendants. Plaintiff alleges he was strip searched and forced to bend over, spread his butt cheeks, and cough while multiple officers visually inspected him. Plaintiff contends that the search served no legitimate penological purpose. (Compl. at 3.)

**IV.   ANALYSIS**

**A.   Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct.

1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint identifies Donny Youngblood and an unknown number of John Does as Defendants without attributing any wrongful conduct directly to any of them. Plaintiff asserts that he was strip searched without cause but does not explain who conducted the search or was otherwise responsible. Plaintiff cannot state a cognizable claim against a defendant without setting forth specific facts as to the conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.

1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has failed to link any of the Defendants to the alleged violation of his rights. The Court will provide an opportunity to amend. To state a cognizable claim, Plaintiff must demonstrate that the Defendants personally took some action that violated Plaintiff's constitutional rights. If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants in the complaint, e.g., "John Doe 1," "John Doe 2," and allege specific acts attributed to each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and 3 did Y," so that each numbered John Doe refers to a different specific person and their role in the alleged violations is clear.

**C.   Search**

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011), cert. denied, 131 S.Ct. 2964 (2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59; Byrd, 629 F.3d at 1141; Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559; Byrd, 629 F.3d at 1141; Michenfelder, 860 F.2d at 332.

Plaintiff alleges that he was forced to present his anal cavity for a visual inspection without cause. Routine visual body cavity searches do not violate prisoners' Fourth Amendment rights. See Bell, 441 U.S. at 558 (1979); Thompson v. Souza, 111 F.3d 694, 700–01 (9th Cir. 1997) (visual body-cavity search of prisoners conducted in public held constitutional). Plaintiff alleges no other facts to support his assertion that

the search was conducted without cause. The Court cannot accept Plaintiff's conclusion that the search did not serve a legitimate penological purpose; Plaintiff must include facts that would support such a conclusion. Iqbal, 129 S.Ct. at 1949. Should Plaintiff choose to amend, he must provide a brief but detailed description of the events leading up the search. Plaintiff must describe how each Defendant was involved, the gender of the officers present, the exact nature of the search, where it was conducted, what justification was given for it, and his basis for alleging it had no legitimate penological purpose.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed October 3, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   June 30, 2014         /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE