UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCQUAL ANDREWS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD,<br><br>    Defendant. | CASE No. 1:11-cv-01669-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE<br><br>(ECF No. 8)<br><br>CLERK SHALL CLOSE THE CASE |

Plaintiff Marcqual Andrews is a former county jail detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction for all purposes. (ECF No. 5.)

On August 7, 2014, the Court issued an order directed at Plaintiff and mailed a copy of it to Plaintiff's address of record. (ECF No. 8.) On August 15, 2014, the United States Postal Service returned Plaintiff's copy marked "undeliverable".

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted as there are no other reasonable alternatives available. Carey, 856 F.2d at 1441.

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:    October 31, 2014                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE